**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDVIN ANTONIO CASTILLO-MEDRANO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-72021 <br><br> Agency No. A205-263-782 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Edvin Antonio Castillo-Medrano, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in finding that Castillo-Medrano failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). We lack jurisdiction to consider Castillo-Medrano's contentions as to a family-based social group because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (the court lacks jurisdiction to review claims not presented to the agency). Substantial evidence supports the agency's determination that Castillo-Medrano otherwise failed to establish the harm he fears in Guatemala would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an

17-72021

applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Castillo-Medrano's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Castillo-Medrano's contentions as to whether his asylum application was untimely. *Simeonov*, 371 F.3d at 538 (as a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach).

In his opening brief, Castillo-Medrano does not challenge the agency's denial of his political opinion claim or his CAT claim. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We reject Castillo-Medrano's contentions that the agency violated due process or otherwise erred in its analysis of his claims.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**